Robert A. Krause WSB#: 5-2824
Grant H. Lawson WSB#: 6-4260
THE SPENCE LAW FIRM, LLC.
15 South Jackson St.
P.O. Box 548
Jackson, WY 83001
307-733-7290 (p)
307-733-5248 (f)
krause@spencelawyers.com
lawson@spencelawyers.com

*Attorneys for Plaintiff*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 MAR 5 PM 3 58

STEPHAN HARRIS, CLERK
CASPER

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **JARED BINDL, Individually and as the Wrongful Death Representative of EDWARD N. BINDL, JR., deceased,**<br><br>**Plaintiff,**<br><br>v.<br><br>**EVANSTON HOSPITAL CORPORATION, a Wyoming corporation d/b/a EVANSTON REGIONAL HOSPITAL; APOGEE MEDICAL GROUP, WYOMING, PC, a Wyoming professional corporation; BARBARA J. MACFARLANE, MD; LAYHONG SOTH, MD; and JOHN DOES I-V,**<br><br>**Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil No: 14 CV52·S |

## COMPLAINT

Plaintiff, Jared Bindl, Individually and as the Wrongful Death Representative of Edward

N. Bindl, Jr., deceased, by and through his attorneys Robert A. Krause and Grant H. Lawson, of

THE SPENCE LAW FIRM, LLC, for the causes of action against the Defendants, states and

alleges as follows:

Receipt # CHS1215
Summons: ✓ issued
_____ not issued

## I.
## PARTIES

1.      Plaintiff Jared Bindl is the natural son of Edward N. Bindl, Jr., deceased.

2.      Plaintiff Jared Bindl is a citizen of the State of Florida, residing in Okaloosa County, Florida.

3.      Plaintiff Jared Bindl has complied with Wyo. Stat. § 1-38-101 thru 105 and is the duly appointed Wrongful Death Representative of Edward N. Bindl, Jr., deceased.

4.      At all times material herein, Edward N. Bindl, Jr. (hereinafter "Ed Bindl" or "Mr. Bindl") was a patient at Evanston Regional Hospital from 02/24/2012 through 03/01/2012.

5.      Defendant Evanston Hospital Corporation, d/b/a Evanston Regional Hospital (herein "Evanston Regional Hospital" or "the Hospital") is a Wyoming corporation licensed to do business in Wyoming, with its principal place of business in Tennessee.  The name and address of its registered agent is Corporation Service Company, 1821 Logan Avenue, Cheyenne, WY 82001.

6.      Because Defendant Evanston Regional Hospital, as a legal entity, can act only through its officers, directors, employees, servants and agents, Evanston Regional Hospital is independently and directly liable for the negligent acts and omissions of its officers, directors, employees, agents, managerial agents, safety personnel and supervisors who set the policies and procedures, train and supervise employees, authorize the doing and the manner of the acts in question, and who ratified or approved the acts or omissions that directly and proximately caused the wrongful death of Ed Bindl and the resulting damages to his beneficiaries.

7.      Under the doctrine of *respondeat superior*, Defendant Evanston Regional Hospital is vicariously liable for any act or omission of an officer, agent, servant or employee made while acting in the scope of authority delegated by the company, or within the scope of the duties of the employee, which were the direct and proximate cause of the wrongful death of Ed Bindl and the resulting damages to his beneficiaries.

8.      Upon information and belief, and at all times material herein, Defendant Evanston Regional Hospital employed and/or contracted with Defendant Apogee Medical Group to perform services for patients at Evanston Regional Hospital.

9.      Under the doctrine of *apparent authority*, Defendant Evanston Regional Hospital is vicariously liable for any act or omission of an officer, agent, servant or employee of Defendant Apogee Medical Group, Wyoming, PC, made while acting in the appearance of the Hospital, made with authority for the Hospital and relied upon by Ed Bindl, which were the direct and proximate cause of the wrongful death of Ed Bindl and the resulting damages to his beneficiaries.

10.     Defendant Apogee Medical Group, Wyoming, PC, (hereinafter "Apogee Medical Group") is a Wyoming corporation licensed to do business in Wyoming, with its principal place of business in Arizona.  The name and address of its registered agent is Corporation Service Company, 1821 Logan Avenue, Cheyenne, WY 82001.

11.     Upon information and belief, and at all times material to this action, Defendant Apogee Medical Group's, owners, physicians, partners, and employees had privileges to practice medicine on patients at Evanston Regional Hospital.

12.     Because Defendant Apogee Medical Group, as a legal entity, can act only through its officers, directors, employees, servants and agents, Apogee Medical Group is independently and directly liable for the negligent acts and omissions of its officers, directors, employees, agents, managerial agents, safety personnel and supervisors who set the policies and procedures, train and supervise employees, authorize the doing and the manner of the acts in question, and who ratified or approved the acts or omissions that directly and proximately caused the wrongful death of Ed Bindl and the resulting damages to his beneficiaries.

13.     Under the doctrine of *respondeat superior*, Defendant Apogee Medical Group is also vicariously liable for any act or omission of an officer, agent, servant or employee made while acting in the scope of authority delegated by the company, or within the scope of the duties of the employee, which were the direct and proximate cause of the wrongful death of Ed Bindl and the resulting damages to his beneficiaries

14.     Upon information and belief, Defendant Barbara J. MacFarlane, MD (hereinafter "Defendant MacFarlane, MD") is a citizen of the State of California, residing in Santa Cruz County, California.

15.     Upon information and belief, Defendant MacFarlane, MD was a board certified family medicine physician who resided in Uinta County, Wyoming at all times material to this action.

16.     Defendant MacFarlane, MD provided medical care to Ed Bindl at Evanston Regional Hospital from February 24, 2012 through February 27, 2012.

17.     Upon information and belief, Defendant MacFarlane, MD was an employee of Defendant Apogee Medical Group with privileges to practice medicine at Evanston Regional Hospital at all times material to this action.

18.     Alternatively, Defendant MacFarlane, MD was a physician in the employ of Defendant Evanston Regional Hospital, and as such, Defendant Evanston Regional Hospital is responsible for any and all acts of negligence attributable to Dr. MacFarlane that were conducted within the scope of employment or her agency with Evanston Regional Hospital

19.     Upon information and belief, Defendant Layhong Soth, MD (hereinafter "Defendant Soth, MD") is a citizen of the State of Utah, residing in Weber County, Utah.

20.     Upon information and belief, Defendant Soth, MD was an internal medicine physician who resided in Uinta County, Wyoming at all times material to this action.

21.     Defendant Soth, MD provided medical care to Ed Bindl at Evanston Regional Hospital from February 27, 2012 through March 1, 2012.

22.     Upon information and belief, Defendant Soth, MD was an employee of Defendant Apogee Medical Group with privileges to practice medicine at Evanston Regional Hospital at all times material to this action.

23.     Alternatively, Defendant Soth, MD was a physician in the employ of Defendant Evanston Regional Hospital, and as such, Defendant Evanston Regional Hospital is responsible

for any and all acts of negligence attributable to Defendant Soth, MD that were conducted within the scope of employment or his agency with Evanston Regional Hospital

## II.
## JURISDICTION AND VENUE

24.     Plaintiff incorporates by reference all statements contained in the numbered paragraphs above.

25.     Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. §1332.  The amount in controversy is substantially in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.  This Court has both personal and subject matter jurisdiction.

26.     Pursuant to 28 U.S.C. §1391(b)(2), an action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  The acts and omissions alleged in this complaint occurred in Evanston, Wyoming.

27.     Plaintiff complied with the Wyoming Medical Review Panel Act of 2005, Wyo. Stat. Ann. §§ 9-2-1513 through 9-2-1523.  Plaintiff filed an Application for Claim Review with the Wyoming Medical Review Panel on November 13, 2013.  The Director of the Medical Review Panel, Eric Easton, signed an Order of Dismissal on February 5, 2014.

28.     This Court has jurisdiction as Plaintiff has complied with Wyo. Stat. § 1-38-101 thru 105 regarding the appointment of a wrongful death representative.

## III.
## FACTS

29.     Plaintiff incorporates by reference all statements contained in the numbered paragraphs above.

30.     At approximately 10:04 a.m. on February 24, 2012, Ed Bindl arrived at Defendant Evanston Regional Hospital's emergency room with complaints that included jaundice, loss of appetite, weight loss, nausea, vomiting, and alcohol dependency.

31.     Ed Bindl was assessed by members of Defendant Evanston Regional Hospital's Emergency Room medical staff including James Arango, MD and various nurses.  Records reveal Mr. Bindl was observed to have an unsteady gait with mild dizziness, and he was noted to be at risk for falling.

32.     Defendant MacFarlane, MD, evaluated Ed Bindl at approximately 11:38 a.m.  Her assessment of Ed Bindl noted a gastrointestinal bleed, jaundice, liver cirrhosis, melena, elevated liver enzyme and alcohol levels, coagulopathy, and elevated PT (Prothrombin Time) and PTT (Partial Thromboplastin Time) values.

33.     Defendant MacFarlane, MD admitted Ed Bindl as a patient into Evanston Regional Hospital at approximately 12:32 p.m. on 02/24/2012.  On Mr. Bindl's General Admission Form, Defendant MacFarlane, MD disgnosed a ". . . GI bleed, jaundice, coagulopathy, cirrhosis, melena, alcohol dependency, ulcerative colitis."  Defendant MacFarlane, MD ordered the Hospital nurses to follow, "Alcohol withdrawal protocol – may have line of sight versus 1:1 currently."  Defendant MacFarlane also prescribed Ativan and ordered PRBC (packed red blood cells) for Mr. Bindl.

34.     A 02/24/2012 Hospital nursing note indicates, "Pt moved to room 108 via wheelchair for direct line of sight per MD order.

35. On 02/25/2012, at approximately 05:05, Ed Bindl was assisted to the bathroom by a certified nurse assistant (CNA). Per the medical records, Mr. Bindl became dizzy and allegedly "pushed" the CNA away, shut the bathroom door, and 'passed out," hitting the right side of his head. Two nurses helped him up and assisted him to the toilet, then back to bed, noting that Mr. Bindl thought he was in Lyman, Wyoming.

36. Defendant MacFarlane, MD was notified via a telephone call of Ed Bindl's fall and the quarter size swelling to the right side of his head. Without making an effort to assess Mr. Bindl in person, Defendant MacFarlane, MD simply ordered ice for the head injury. No head radiology studies were ordered.

37. After Mr. Bindl's fall, nurses increased his Safety/Fall Risk Assessment to 19 (high), turned his bed alarm on, and raised three of his bed siderails.

38. Throughout the day on 02/25/2012, Ed Bindl's Safety/Fall Risk Assessment remained at 19 (high). He was noted by caregivers to be confused, anxious, dizzy, weak, and unsteady on his feet. He attempted to get out of his bed several times.

39. At approximately 22:20 on 02/25/2012, Ed Bindl allegedly got out of his bed and immediately fell to the floor – hitting his head again -- receiving a 3-4 cm laceration on his forehead. Dr. MacFarlane was called in to assess the second head injury while a nurse applied pressure to his head wound. When Dr. MacFarlane arrived, she, "placed steri-strips over laceration," and ordered placement of a Foley catheter. Again, no head radiology studies were ordered.

40.    Mr. Bindl remained in bed -- anxious and restless -- through the early morning of 02/26/2012.  He complained for the first time of a headache and was given Tylenol 1000 mg by nurses at approximately 04:30.

41.    Mr. Bindl 02/26/2012 Safety/Fall Risk Assessments continued to remain at high risk.  The Assessments noted he was confused 100% of the time.  At 09:50 a nurse recorded that Mr. Bindl ". . . seems more confused today and harder to try to orient.  Believes he is in Mountain View and that it is December 25th."

42.    At approximately 01:00, on 02/27/2012, a nurse recorded that Mr. Bindl was not responding to his name.  A decision was made to hold his Ativan dose.

43.    At some point on 02/27/2012, Plaintiff believes Defendant Soth, MD began participating in Mr. Bindl's care.

44.    Mr. Bindl continued to remain at high risk in his Safety/Fall Risk Assessments on 02/27/2012, with the Assessments noting he had intermittent confusion.

45.    A nurse noted Mr. Bindl's headache had resolved by 08:20 on 02/27/2012, but returned later that day when (at approximately 13:55) Mr. Bindl was given another dosage of 1000 mg of Tylenol for headache complaints.

46.    At 19:00 (02/27/2012) a nurse recorded:

Pt. is somewhat disoriented, unsure of date.  Knows where he is.  Pt has a difficult time focusing, takes a long time to answer questions and sometimes appears to not understand what is being asked.  Pt speaks in very low monotone and does not often make eye contact.  Pt has steri strips covering a laceration in the middle of his forehead at hairline . . .

47.    At 23:15 (02/27/2012) Mr. Bindl vomited.

48.     At 07:00 on 02/28/2012 a nurse noted Mr. Bindl was oriented x 2 (person and place; not time) and had mild confusion.

49.     Mr. Bindl continued to remain at high risk in his Safety/Fall Risk Assessments on 02/28/2012, with the Assessments noting he had intermittent confusion and balance problems.

50.     Concerns about a possible GI bleed were noted by Defendant Soth, MD who ordered a esophagogastroduodenoscopy with biopsy and colonoscopy – scheduled for 02/29/2012.

51.     A 20:30 (02/28/2012) a nursing note again indicated that Mr. Bindl was oriented x 2 (person and place; not time).

52.     An early morning nursing note on 02/29/2012 noted Mr. Bindl "... seems more confused again."

53.     More Safety/Fall Risk Assessments were conducted on 02/29/2012.  The Assessments noted Ed Bindl had intermittent confusion and was at high risk.

54.     Mr. Bindl's scheduled esophagogastroduodenoscopy with biopsy and colonoscopy were performed by Jared Barton, MD on 02/29/2012.

55.     A 14:50 (02/29/2012) nursing note revealed that Mr. Bindl received Phenergan for nausea and vomiting.

56.     A 19:40 (02/29/2012) nursing note indicated Mr. Bindl was confused and drowsy and was alert and oriented x 1.

57.     At 23:00 nurses noted that Mr. Bindl " '... wants to go out to his truck.'  Pt calmed down."  His respirations had also increased.

58.     Nursing notes (for 03/01/2012) indicate Mr. Bindl vomited at approximately 02:20, 03:00, and again at 04:00.  By 07:00, the records describe him as being disoriented, confused, lethargic and unresponsive – only able to answer yes/no questions.

59.     Between 07:15 to 09:45 (on 03/01/2012) nurses recorded that Mr. Bindl pulled out his left forearm IV and was unable to swallow his medication.  He was lethargic, mumbling, and was only able to answer yes/no questions.  Nurses notified Defendant Soth, MD who agreed to " . . . see him next."

60.     Defendant Soth, MD assessed Mr. Bindl at approximately 10:21 (on 03/01/2012) and noted worsening abdominal distention, encephalopathy along with fever.  He ordered a STAT abdominal CT.  Again, no head radiology studies were ordered.

61.     At 10:40 (on 03/01/2012) a nurse described Mr. Bindl as lethargic with minimal response.

62.     At 11:07 (on 03/01/2012) with his daughter, Lenya Bindl, at his side, a nurse noted that emesis was coming from Mr. Bindl's nose and mouth.  Attempts were made to suction him at which time Lenya asked, "Is he even breathing?"  The nurse confirmed he was not breathing and a Code Blue was called.  Hospital caregivers, including Defendant Soth, MD, responded to the Code.

63.     Attempts to resuscitate Mr. Bindl were unsuccessful and he was pronounced dead by Defendant Soth, MD at approximately 11:37 on 03/01/2012.

64.     Defendant Soth, MD noted in the medical records that Mr. Bindl had coded at 11:08, " . . . Most likely secondary to aspiration."  Mr. Bindl Evanston Regional Hospital records note his cause of death was due to aspiration.

65.     An Autopsy, requested by the Bindl family, was conducted by J. Wallace Graham, M.D., C.M. on 03/03/2012. Dr. Wallace's autopsy findings noted Mr. Bindl suffered a right subdural hematoma and subarachnoid hemorrhage in his occipital lobes and median right parietal lobe. Dr. Wallace also opined that Mr. Bindl's cause of death was due to head injury. Aspiration was not listed as a cause of Ed Bindl's death.

65.     The State of Wyoming Department of Health Certificate of Death for Ed Bindl, certified by Deputy Coroner William Ball, listed the cause of death as (a) Right Subdural Hematoma and (b) Subarachnoid Hemorrhage, occipital lobes. Aspiration was not listed as a cause of Ed Bindl's death.

## IV.
### FIRST CAUSE OF ACTION
### NEGLIGENCE OF DEFENDANT EVANSTON REGIONAL HOSPITAL

67.     Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

68.     At the time and the place of the events described herein, Defendant Evanston Regional Hospital owed a duty of reasonable care to medical patients, including Ed Bindl, to fully and properly investigate, examine, diagnose and treat, or in the alternative, to properly refer and secure qualified and competent medical specialists to investigate, examine, diagnose and treat such patients.

69.     Defendant Evanston Regional Hospital, acting through its officers, directors, servants, employees and agents who, at all times pertinent hereto, were acting within the scope of their responsibilities, was negligent in the care and treatment provided to Ed Bindl, and such negligence, falling below the applicable standard of care, breached the duties of care owed by Defendant Evanston Regional Hospital to Ed Bindl.

70.     Defendant Evanston Regional Hospital negligently failed to comply, or assure compliance, with the standard of care required of hospitals and medical care providers under similar circumstances as such standard of care existed at the time care and treatment was provided to Ed Bindl. Such negligence includes, but is not limited to, the following:

a.      The Hospital, acting through its employees, servants and agents, negligently failed to provide appropriate care and treatment for Edward N. Bindl, Jr;

b.      The Hospital, acting through its employees, servants and agents, negligently failed to properly monitor, evaluate and assess the condition of Edward N. Bindl, Jr., and negligently failed to take appropriate steps based thereon;

c.      The Hospital, acting through its employees, servants and agents, negligently misrepresented the quality and breadth of services available to patients suffering head injuries at the Hospital;

d.      The Hospital, acting through its employees, servants and agents, otherwise failed to act reasonably under the circumstances;

e.      The Hospital, acting through its employees, servants and agents, negligently failed to appropriately intervene to protect the health and welfare of Edward N. Bindl, Jr;

f.      The Hospital negligently failed to provide adequate supervision for employees, servants and agents providing health care to Edward N. Bindl, Jr;

g.      The Hospital, acting through its employees, servants and agents, negligently failed to provide proper personnel to properly assess, manage and care for Edward N. Bindl, Jr;

h.      The Hospital negligently failed to reasonably consult with and staff the necessary team to manage and care for the medical needs of Edward N. Bindl, Jr;

i.      The Hospital failed to train Hospital employees, servants and agents to follow proper protocols for properly and fully informing Edward N. Bindl, Jr. and/or his family of the risks of head injuries;

j.      The Hospital negligently failed to train Hospital employees, servants and agents to take appropriate steps to protect the health and welfare of patients such as Edward N. Bindl, Jr.;

k.      The Hospital negligently failed to exercise or apply the degree of care, skill and learning ordinarily exercised or possessed by a hospital under the same or similar circumstances. The Hospital failed to act in accordance with the standard of care adhered to by health care providers in good standing performing similar health care services; and,

l.      The Hospital negligently failed to otherwise meet the standards of care and practice requisite in the field.

71.      As a direct and proximate result of the Hospital's negligence, Edward Bindl suffered serious injuries and died as set forth above and in the "Damages" section of this Complaint.

## V.
## SECOND CAUSE OF ACTION
## NEGLIGENCE OF
## DEFENDANT APOGEE MEDICAL GROUP, WYOMING, PC

72.      Plaintiff incorporates and adopt by reference all the facts and allegations above as though fully set forth herein.

73.      At the time and the place of the events described herein, Defendant Apogee Medical Group owed a duty of reasonable care to medical patients, including Ed Bindl, to fully and properly investigate, examine, diagnose and treat, or in the alternative, to properly refer and secure qualified and competent medical specialists to investigate, examine, diagnose and treat such patients.

74.     Defendant Apogee Medical Group, acting through its officers, directors, servants, employees and agents who, at all times pertinent hereto, were acting within the scope of their responsibilities, was negligent in the care and treatment provided to Ed Bindl, and such negligence, falling below the applicable standard of care, breached the duties of care owed by Defendant Apogee Medical Group to Ed Bindl.

75.     Defendant Apogee Medical Group negligently failed to comply, or assure compliance, with the standard of care required of internal medicine and family medicine physicians and nurses under similar circumstances as such standard of care existed at the time care and treatment was provided to Ed Bindl.  Such negligence includes, but is not limited to, the following:

a.      Apogee Medical Group, acting through its employees, servants and agents, negligently failed to provide appropriate care and treatment for Edward N. Bindl, Jr;

b.      Apogee Medical Group, acting through its employees, servants and agents, negligently failed to properly monitor, evaluate and assess the condition of Edward N. Bindl, Jr., and negligently failed to take appropriate steps based thereon;

c.      Apogee Medical Group, acting through its employees, servants and agents, otherwise failed to act reasonably under the circumstances;

d.      Apogee Medical Group, acting through its employees, servants and agents, negligently failed to appropriately intervene to protect the health and welfare of Edward N. Bindl, Jr;

e.      Apogee Medical Group negligently failed to provide adequate supervision for employees, servants and agents providing health care to Edward N. Bindl, Jr;

f.      Apogee Medical Group, acting through its employees, servants and agents, negligently failed to provide proper personnel to properly assess, manage and care for Edward N. Bindl, Jr;

g.  Apogee Medical Group negligently failed to reasonably consult with and staff the necessary team to manage and care for the medical needs of Edward N. Bindl, Jr;

h.  Apogee Medical Group failed to train its employees, servants and agents to follow proper protocols for properly and fully informing Edward N. Bindl, Jr. and/or his family of the risks of head injuries;

i.  Apogee Medical Group negligently failed to train its employees, servants and agents to take appropriate steps to protect the health and welfare of patients such as Edward N. Bindl, Jr;

j.  Apogee Medical Group negligently failed to exercise or apply the degree of care, skill and learning ordinarily exercised or possessed by a hospital under the same or similar circumstances. Apogee Medical Group failed to act in accordance with the standard of care adhered to by health care providers in good standing performing similar health care services; and,

k.  Apogee Medical Group negligently failed to otherwise meet the standards of care and practice requisite in the field.

76.  As a direct and proximate result of Defendant Apogee Medical Group's negligence, Ed Bindl suffered the serious injuries and died as set forth above and in the "Damages" section of this Complaint.

## VI.
## THIRD CAUSE OF ACTION
## NEGLIGENCE OF DEFENDANT BARBARA J. MACFARLANE, MD

77.  Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

78.  At the time and the place of the events described herein, Defendant MacFarlane, MD owed a duty of reasonable care to medical patients, including Ed Bindl, to fully and properly investigate, examine, diagnose and treat, or in the alternative, to properly refer and secure

qualified and competent medical specialists to investigate, examine, diagnose and treat such patients.

79.     Defendant MacFarlane, MD was negligent in the care and treatment provided to Ed Bindl, and such negligence, falling below the applicable standard of care, breached the duties of care owed by Defendant MacFarlane, MD to Ed Bindl.

80.     Defendant MacFarlane, MD negligently failed to comply, or assure compliance, with the standard of care required of an internal medicine and/or family medicine physicians under similar circumstances as such standard of care existed at the time care and treatment was provided to Ed Bindl.  Such negligence includes, but is not limited to, the following:

a.     Failure to comply with the standard of care required of similarly trained physicians by negligently failing to properly monitor, evaluate and assess the condition of Edward N. Bindl, Jr., and negligently failing to take appropriate steps based thereon;

b.     Failure to comply with the standard of care required of similarly physicians by failing to properly and fully inform the patient of the potential risks associated with head injuries;

c.     Failure to provide appropriate assessments, care and treatment;

d.     Failure to ensure that the patient received appropriate and timely medical care, evaluations/assessments, and treatment following the patient's 02/25/2012 head injuries;

e.     Failure to exercise reasonable care under all of the circumstances; and,

f.     Failure to otherwise meet the standards of care and practice requisite in the fields of internal medicine and family medicine.

82.   As a direct and proximate result of Defendant MacFarlane, MD's negligence, Ed

Bindl suffered the serious injuries and died as set forth above and in the "Damages" section of

this Complaint.

## VII.
## FOURTH CAUSE OF ACTION
## NEGLIGENCE OF DEFENDANT LAYHONG SOTH, MD

83.   Plaintiff incorporates and adopts by reference all the facts and allegations above

as though fully set forth herein.

84.   At the time and the place of the events described herein, Defendant Soth, MD

owed a duty of reasonable care to medical patients, including Ed Bindl, to fully and properly

investigate, examine, diagnose and treat, or in the alternative, to properly refer and secure

qualified and competent medical specialists to investigate, examine, diagnose and treat such

patients.

85.   Defendant Soth, MD was negligent in the care and treatment provided to Ed

Bindl, and such negligence, falling below the applicable standard of care, breach the duties of

care owed by Defendant Soth, MD to Ed Bindl.

86.   Defendant Soth, MD negligently failed to comply with the standard of care

required of internal medicine and/or family medicine physicians under similar circumstances as

such standard of care existed at the time care and treatment was provided to Ed Bindl.  Such

negligence includes, but is not limited to, the following:

    a.    Failure to comply with the standard of care required of similarly trained
          physicians by negligently failing to properly monitor, evaluate and assess the

condition of Edward N. Bindl, Jr., and negligently failing to take appropriate steps based thereon;

b.    Failure to comply with the standard of care required of similarly trained physicians by failing to properly and fully inform the patient of the potential risks associated with head injuries;

c.    Failure to provide appropriate assessments, care and treatment;

d.    Failure to ensure that the patient received appropriate and timely medical care, evaluations/assessments, and treatment following the patient's 02/25/2012 head injuries;

e.    Failure to exercise reasonable care under all of the circumstances; and,

f.    Failure to otherwise meet the standards of care and practice requisite in the fields of internal medicine and family medicine.

87.    As a direct and proximate result of Dr. Soth's negligence, Edward Bindl suffered the serious injuries and died as set forth above and in the "Damages" section of this Complaint.

## DAMAGES

88.    Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

89.    As a direct and proximate result of the Defendants' negligent acts and omissions as set forth in this Complaint, Edward N. Bindl, Jr. was fatally injured and Jared Bindl, individually and on behalf of all wrongful death beneficiaries, has suffered damages as a result.

90.    The wrongful death claims set forth in this Complaint are brought to recover damages under the terms and provisions of the statutes and case law of the State of Wyoming for all participating wrongful death beneficiaries entitled to damages as a result of Edward N. Bindl,

Jr.'s death.  Plaintiff Jared Bindl is the Wrongful Death Representative of Edward N. Bindl. Jr. In such capacity, Plaintiff is entitled to collect for appropriate distribution as Wrongful Death Representative, the following damages:

    a.    Funeral and burial expenses for Edward Bindl in an amount to be proven at trial;

    b.    Pecuniary loss in an amount to be proven at trial;

    c.    Loss of care, comfort, protection, companionship, society, advice and friendship in an amount to be proven at trial;

    d.    Costs of this action and for other further relief as the court deems equitable and proper; and

    e.    All other damages properly recoverable due to the wrongful death of Edward N. Bindl, Jr. according to Wyoming Law.

WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendants in an amount as supported by the allegations of this Complaint, as follows:

1.    Judgment against the Defendants for general damages in an amount consistent with the allegations contained herein and to be proven at trial.

2.    Judgment against the Defendants for special damages in an amount consistent with the allegations contained herein and to be proven at trial.

3.    Judgment for costs, interest, and such other and further relief as the Court deems just and equitable.

DATED this ___4th___ day of March, 2014.

Robert A. Krause WSB#: 5-2824
Grant H. Lawson WSB#: 6-4260
THE SPENCE LAW FIRM, LLC.
15 South Jackson St.
P.O. Box 548
Jackson, WY 83001
307-733-7290 (p)
307-733-5248 (f)
krause@spencelawyers.com
lawson@spencelawyers.com

*Attorneys for Plaintiff*